AO 91 (Rev. 08/09) Criminal Complaint

FILED

NOV 07 2025

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

for the

Northern District of Oklahoma

United States of America
v.

ADRIAN PARKER GAINES
*Defendant(s)*

Case No. 25-mj-966-SH

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of January 1, 2024 to November 6, 2025 in the county of Delaware in the Northern District of Oklahoma, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 2252(a)(2) and 2252 (b)(1) | Receipt and Distribution of Child Pornography |
| 18 U.S.C. §§ 2252(a)(4)(B) and 2252 (b)(2) | Possession of and Access with Intent to View Child Pornography |
| 18 U.S.C. §§ 2251(a) and 2251(e) | Production of Child Pornography |

This criminal complaint is based on these facts:

See Attached Affidavit SA Brian Dean, FBI

☑ Continued on the attached sheet.

*Complainant's signature*

SA Brian Dean, FBI
*Printed name and title*

Sworn to before me by phone.

Date: 11/7/25

*Judge's signature*

City and state: Tulsa, OK

Susan E. Huntsman, United States Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF OKLAHOMA**

**Affidavit in Support of a Complaint and Arrest Warrant**

I, Brian S. Dean, being duly sworn, hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Special Agent with the Federal Bureau of Investigation assigned to the Tulsa, Oklahoma Resident Agency. As a Special Agent, my duties include investigating violations of federal criminal law and threats to national security. In addition to formalized training, I have received extensive training through my involvement in an array of investigations working alongside experienced law enforcement officers at both the federal and local level. My investigations include, but are not limited to, drug and gang violations, violent crimes, Indian country violations, counterterrorism, cybercrimes, and crimes against children.

2. Specifically, I have extensive experience working cases involving child pornography and child exploitation in violation of 18 U.S.C. §§§ 2251(a) (Sexual Exploitation of Children – Production of Child Pornography), 2252(a)(2) and (b)(1) (Receipt and Distribution of Child Pornography) and 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Possession of and Access with Intent to View Child Pornography). All of these cases have required the review of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. As such, I am familiar with the tactics utilized by individuals who collect, distribute, and or produce child

pornographic material, as well as groom children to participate in sexually explicit conduct.

3. I am familiar with the facts and circumstances of this investigation. The facts set forth in this affidavit are based on my personal observations, knowledge obtained from other law enforcement officers, my review of documents related to this investigation, conversations with others who have personal knowledge of the events and circumstances described herein, and a review of open-source information including information available on the Internet. This affidavit is submitted for the limited purpose of establishing probable cause for the requested warrant and therefore does not set forth each and every fact I or others have learned during the course of this investigation.

4. Based on my training, research, experience, and the facts as set forth in this affidavit, there is probable cause to believe that ADRIAN P. GAINES (DOB: XX-XX-1997; SSN: XXX-XX-6008) has violated:

- 18 U.S.C. §§ 2252(a)(2) and 2252 (b)(1) – Receipt and Distribution of Child Pornography

- 18 U.S.C. §§ 2252(a)(4)(B) and 2252 (b)(2) – Possession of and Access with Intent to View Child Pornography

- 18 U.S.C. §§ 2251(a) and 2251(e) – Production of Child Pornography

## PROBABLE CAUSE

5. In January 2025, FBI Salt Lake City received a lead from FBI Albany regarding user "EMMA" on the platform TeleGuard[1]. "EMMA" was operating a group entitled the "Unicorn Elite Group" which focused primarily on the sharing and trading of child sexual abuse material (CSAM). The group was described as a place for parents of children, specifically daughters ages 0-9, to share first-generation child pornography, and in order to join and or maintain membership, users were required to supply multiple verification images or videos (production of child pornography) of their own.

6. The FBI Salt Lake ultimately identified "EMMA" and acquired legal process for his arrest the seizure of his electronic devices. The devices were forensically extracted, and copies were provided to the National Center for Missing and Exploited Children (NCMEC) and the FBI Child Exploitation Operational Unit (CEOU) to try to locate and identify any further first-generation material victims and/or subjects.

7. Within the material provided by FBI Salt Lake City were multiple non-CSAM images of a female infant, hereinafter MV1, to include one where half of an adult male's face can be observed. A CSAM video depicting MV1 was also located.

---

[1] TeleGaurd is an Internet based communication application based out of Switzerland specializing in end-to-end data encryption. TeleGuard does not store metadata or IP addresses, and all records of transmitted messages are deleted upon delivery. TeleGuard's website states it has a focus on privacy and is "designed to be the most private messenger in the world" and can be utilized on cellular devices (Android or iPhones) as well as desktop applications such as Windows, Mac OS, and Linux.

The video and images were located in folders titled "Baby Fun", “Weaknesses,” and “loose”. The CSAM video, consisted of an adult male touching MV1’s vagina after writing “Wolf 69 sun” on her lower pelvic area directly above her vagina. Of note, “Wolf 69 sun” was the TeleGuard user/display name for the subject arrested by FBI Salt Lake. The following can be seen / heard during the video:

| | |
|---|---|
| Subject | “Hey girlie, hi, you wanna do something? You wanna help daddy out? Okay.” |
| **< Subject puts phone down >** | |
| Subject | “Hold on. Get that skirt off of you.” |
| MV1 | < Begins to cry > |
| Subject | “Okay, you’re okay. I promise. Got the skirt off. Hey, shhhhh. You’re okay. Now, you’re okay. Okay.” |
| **< Subject picks up phone and takes the victim’s diaper off >** | |
| Subject | “Make sure you don’t have a wet.” |
| **< Subject touches MV1’s vagina for wetness >** | |
| **< Subject puts down phone >** | |
| Subject | “I don’t have a sharpie.” |
| **< Subject picks up phone >** | |
| Subject | “Where’d you put daddy’s pen? Come here.” |
| **< Subject puts phone down again >** | |
| Subject | “Okay, come here.” |
| MV1 | < Cries > |
| Subject | “Hey, stop that. Shhh. Shhh. Shhh.” |

| | |
|---|---|
| **< Subject picks up phone. Subject has written “Wolf 69 sun” on MV1’s pelvis above her vagina >** | |
| Subject | “Say hi.” |
| **< Subject focuses the camera on him touching/exposing the victim’s vagina >** | |
| Subject | “Yeah…” |
| MVI | < Begins to cry > |
| **< Video cuts off >** | |

8. Among the files recovered by FBI Salt Lake, Investigators also located a number of screenshots of what appeared to be a conversation between their subject and an individual with the user / display name of "Adrian Gaines". These screenshots revealed the exchange of numerous videos and images depicting children being sexually abused.

9. Database searches were conducted utilizing information in the images, and based on results in an open-source image repository Investigators were able to identify a possible match to the adult male depicted in the image with MV1 as ADRIAN PARKER GAINES (hereafter “GAINES”). Database searches and image comparisons confirmed GAINES’ daughter to be MV1 who was born in or around August of 2023. Based on the estimated age of MV1, FBI CEOU estimates the production of the previously detailed CSAM video occurred in the summer or early fall of 2024.

10. On November 6, 2025, FBI CEOU provided FBI Tulsa with the aforementioned facts and circumstances in the form of a priority lead. FBI Tulsa subsequently conducted open-source research and physical surveillance and acquired federal search warrants 25-MJ-963-SH and 25-MJ-964-SH authorizing the search of both GAINES' person and his last known address of 610 S. Spring St., Grove, OK. At approximately 7:30 PM, GAINES was observed outside of an associated address located at 104 N. 3rd St., Grove, OK and was subsequently detained. Law enforcement made contact with the occupant of the residence and ultimately located MV1 in the front living room. GAINES was then transported to the Grove Police Department where he agreed to speak with Investigators.

11. In a post-Miranda statement, GAINES initially denied having any knowledge of the digital application TeleGuard, but when presented with several of the images (non-CSAM) of MV1 as well as the audio of the CSAM video recovered by FBI Salt Lake, he ultimately confessed to both receiving and distributing CSAM as well as producing his own with MV1. GAINES explained he was first introduced to TeleGuard in late 2023 or early 2024 while attempting to buy drugs (acid and mushrooms) online. He said he met "Josh" (possibly user "Wolf 69 sun") in a group known as "Magic Menu", who directed him to another group where users were sharing CSAM. GAINES claimed he was initially not interested in the content being shared and that he tried to report it, but that he eventually started to send and receive CSAM.

12. GAINES could not recall exactly when he produced the video depicting MV1 but estimated it being sometime between April or May of 2024. GAINES confirmed the video was taken in the Northern District of Oklahoma and said he wrote "Wolf 69 sun" on her body at the request of that subject. GAINES claimed he only produced the one video depicting MV1 and at no other point did he have sexual contact with her. In total, GAINES estimated he exchanged images with anywhere from 1-5 individuals on both TeleGuard and Telegram from early 2024 through February 2025. He described four electronic devices he utilized during that period, to include three cellular phones and one tablet. All four devices were recovered by law enforcement, and GAINES indicated Investigators would locate CSAM on at least one of the devices.

## CONCLUSION

13. Based on my training, research, experience, and the facts as set forth in this affidavit, there is probable cause to believe that ADRIAN P. GAINES (DOB: XX-XX-1997; SSN: XXX-XX-6008) has violated:

- 18 U.S.C. §§ 2252(a)(2) and (b)(1) – Receipt and Distribution of Child Pornography;
- 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) – Possession of and Access with Intent to View Child Pornography;
- 18 U.S.C. §§ 2251(a) and 2251(e) – Production of Child Pornography.

It is therefore respectfully requested this Court issue a complaint and arrest warrant for ADRIAN P. GAINES.

Respectfully submitted,

Brian S. Dean
Special Agent
Federal Bureau of Investigation

Subscribed and sworn via phone on the 7th day of November 2025.

SUSAN E. HUNTSMAN
UNITED STATES MAGISTRATE JUDGE